IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLARA A. BATTEN, | ) | CASE NO. 8:08CV169 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Partial Summary Judgment (Filing No. 40). For the reasons set forth below, the Defendant's Motion will be granted, and the Plaintiff's claims against the United States of America under the Federal Tort Claims Act will not include claims for damage proximately caused by the alleged negligence of Dr. Joseph A. Ramirez, D.D.S., or Omaha Dental Care, P.C.

**PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff, Clara A. Batten, brought this action against the United States of America on April 15, 2008, under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80. (Complaint, Filing No. 1). Batten claims that on or about November 22, 2005, she went to the One World Community Health Clinic (the "Clinic") in Omaha, Nebraska, a federally supported health center, covered under the FTCA by way of the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA")[1] as amended at 42 U.S.C. § 233(g)-(n). (*Id.*, ¶ 4). While at the Clinic, Batten underwent a tooth extraction, but a fragment remained. (*Id.*, ¶ 5). She returned to the Clinic to complain of pain and swelling on November 28, 2005, but was informed by Clinic employees "that she would be 'okay' in 10-14 days." (*Id.*, ¶ 6). She returned to the Clinic again on December 5, 2005, at which time the fragment was discovered, and she was referred to a specialist. (*Id.*, ¶ 8). Batten alleges that the Clinic breached applicable

---

[1]The Defendant acknowledges that the Clinic is a federally supported community health center under the FSHCAA, and that claims may be brought against it through the FTCA. See Defendant's Brief, Filing No.41, pp.1, 10 n.9, 13.

standards of care, and she seeks special and general damages, and other relief. (*Id.*, ¶ 10).

On October 23, 2007, the Department of Health & Human Services ("HHS") denied Batten's Administrative Tort Claim, finding that the provider who extracted her tooth "was not deemed a federal employee within the meaning of the Federally Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. § 233(g)-(n)(see subsection (g)(5)(B)) . . . ." (Filing No. 1, Ex. A). HHS also concluded that the provider who saw Batten on November 28, 2005, did not breach the applicable standard of care. (*Id.*).

The United States has moved for partial summary judgment, on the basis that the dentist who extracted Batten's tooth on November 22, 2005, Dr. Joseph A. Ramirez, was not an employee of One World Community Health Center. (Defendant's Brief, Filing No. 41). The United States has presented evidence that Dr. Ramirez practiced dentistry through a professional corporation, Omaha Dental Care, P.C., that contracted with the Clinic for his services from March 1, 2005, through February 28, 2006. (Deposition of Dr. Joseph A. Ramirez, Filing No. 42-2 ("Ramirez Depo.") at 9:9-23, 10:11-14, 14:7-11; 14:17-18:25, and Depo. Ex. 1). At all relevant times, Dr. Ramirez worked fewer than 20 hours per week at the Clinic, and the Clinic paid Omaha Dental Care, P.C., for Dr. Ramirez's services. (*Id.*, 20:20-25:2, 23:7-11, 30:24-31:14, 32:2-9). Ramirez was never employed directly by the Clinic or the Defendant. (*Id.*, 83:4-84:9). On November 5, 2007, Batten settled her claims against Dr. Ramirez and Omaha Dental Care, P.C., for the sum of $15,000.00. (*Id.*, 57:10-61:2, and Depo. Ex. 6).

Although Batten opposes the Defendant's Motion for Partial Summary Judgment, she readily acknowledges that she is making no claim against the Defendant based on the acts or omissions of Dr. Ramirez. Her opposition to the Defendant's Motion appears to be based on her concern that the Defendant is seeking to bar her from making any claim through the FTCA.

"Batten does not dispute and concedes that Dr. Ramirez was not a federal

employee and was an independent contractor." (Plaintiff's Brief, Filing No. 64, p.2, n.1). "Batten further agrees that Dr. Ramirez was never an employee or agent of the United States. Batten is not seeking recovery against the United States through a principal-agent relationship, respondeat superior, or any other secondary liability theory." (*Id.*, p. 6). "Batten seeks recovery against the United States for the negligent conduct of its admitted employees and agents independent of any acts or omissions committed by Dr. Ramirez." (*Id.*, p. 7).

In its Reply Brief (Filing No. 65), the Defendant raises new issues, independent of those raised in the Motion for Partial Summary Judgment. The Defendant suggests that Batten's theory of "negligent supervision" must fail, because the government has not waived its sovereign immunity for suits based on such a theory, and because of a lack of proof. (*Id.*, p. 3). The Defendant also suggests that an opinion of Batten's expert witness, Dr. Lawrence Yampolsky, should be stricken as untimely and not considered in connection with the pending Motion.[2] (*Id.*, pp. 3-4).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not,

---

[2] The Defendant also notes that it "intends to move to strike the newly tendered opinion by Dr. Yampolsky from consideration at the trial." (Filing No. 65, p. 4, n.2).

however, negate the opponent's claims or defenses. *Id*. at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)(emphasis omitted)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

The United States asserts, and Batten agrees, that Dr. Ramirez was not an employee of the Clinic, and that Batten has reached a settlement with Dr. Ramirez and Omaha Dental Care, P.C. "Batten agrees that a trial on the merits is going to entail whether there were acts of negligence committed by [individuals other than Dr. Ramirez] or One World, including through its dental director, and whether any negligence caused injury to Batten." (Plaintiff's Brief, Filing No. 64, p.7, n.3).

The Court questions whether counsel for the parties are in communication with each other, and why this issue could not have been resolved through a one-sentence stipulation.

Although Batten suggests that the Court should deny the Defendant's Motion for Partial Summary Judgment, it appears she is concerned that the United States is seeking to preclude her from proceeding with her action based on the alleged negligence of

persons or entities *other* than Dr. Ramirez. The Defendant's Motion for Partial Summary Judgment seeks to preclude Batten from proceeding with a "negligence claim as it relates to Dr. Ramirez's care provided on November 22, 2005." (Defendant's Brief, Filing No. 41, p. 27). With respect to the settlement and release, the United States suggests that it was released from liability "at least as to Dr. Ramirez's acts on November 22, 2005." (Defendant's Brief, Filing No. 51, p.4). Batten does not suggest otherwise.

The new issues presented in the Defendant's Reply Brief, *i.e.*, whether the Defendant has waived sovereign immunity for any claims based on negligent supervision, and whether a certain expert opinion from Dr. Yampolsky[3] should be stricken, will not be addressed herein.

## CONCLUSION

Batten concedes that Dr. Joseph A. Ramirez was at no relevant time an employee of the United States or of the One World Community Health Clinic, and Batten's claims herein will not include any claims for damage proximately caused by the negligence of Dr. Ramirez.

IT IS ORDERED:

1. Defendant's Motion for Partial Summary Judgment (Filing No. 40) is granted; and

2. The Plaintiff Clara A. Batten's claims against the Defendant, United States of America, will not include claims for damage proximately caused by the alleged negligence of Dr. Joseph A. Ramirez.

DATED this 18 day of May, 2009.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge

---

[3] No opinion of Dr. Yampolsky was considered by the Court in connection with the pending Motion for Partial Summary Judgment.