IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLARA A. BATTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:08CV169 |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the general order of referral on plaintiff's Motion to compel responses to requests for production of documents (Doc. 45). The court has considered the parties' written arguments and evidentiary materials and finds that the motion should be denied.

### BACKGROUND

Plaintiff filed this action pursuant to the Federal Tort Claims Act seeking damages for dental malpractice in conjunction with care she received at the One World Community Health Center in November 2005. One World is a federally-funded community health center under the Federally Supported Health Centers Act of 1992, 42 U.S.C. § 233(g)-(n). The Office of General Counsel (OGC) for the United States Department of Health and Human Services (DHHS) evaluates administrative tort claims of this nature and makes recommendations for the final disposition of such claims.

On May 31, 2006, plaintiff's counsel sent a demand letter to One World's chief executive officer, Andrea Skolkin, advising that plaintiff would agree to resolve the matter for payment of $100,000 but intended to file suit if the one-time offer was not accepted.

On June 8, 2006, Skolkin responded to plaintiff's attorney, advising that she sent a copy of the demand letter to the Office of General Counsel and the U.S. Department of Health and Human Services. Skolkin also sent memoranda on June 8, 2006 to the three dentists who treated the plaintiff, forwarding to them a copy of her response to plaintiff's demand letter.

By letter dated June 14, 2006, the OGC requested that Skolkin provide "a narrative statement of the health care provided by each treating health professional pertaining to the allegations contained in this case." Pursuant to this request, Skolkin sent three memoranda

to the treating dentists, requesting the completion of a practitioner narrative by each of the dentists. The practitioner narratives were forwarded to the OGC in July 2006.

This action was filed on April 15, 2008. Plaintiff served requests for production of documents in January 2009. In responding to Requests Nos. 6, 7 and 8, the government served a privilege log describing 19 pages of documents that were withheld. Although three pages were subsequently produced, the government argues that the remaining documents are protected under the work-product doctrine.

## LEGAL ANALYSIS

The United States contends that the documents being withheld are protected from disclosure under the work-product doctrine.[1] The work-product doctrine was incorporated into Fed. R. Civ. P. 26(b)(3), which now provides:

> **(3) Trial Preparation: Materials.**
>
> **(A) Documents and Tangible Things.** Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> **(B) Protection Against Disclosure.** If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

The court applies federal law to claims of work product. *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 816 (8th Cir. 2002). The party seeking protection must show the materials were prepared in anticipation of litigation, i.e., "because of the prospect of litigation." *Id.*, 305 F.3d at 817. "Work product is not discoverable unless the party seeking

---

[1] Although plaintiff's brief argues that the documents are not covered by the attorney-client privilege, the defendant has not asserted the attorney-client privilege. The defendant argues only that the documents are protected work product under Rule 26(b)(3).

discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means." *Id*.

The court has carefully considered the affidavits submitted by the government and finds that all of the documents withheld were prepared at the request or direction of counsel in anticipation of litigation, as the direct result of plaintiff's May 31, 2006 demand letter. The documents have been kept confidential. The plaintiff has deposed the treating dentists and Ms. Skolkin and has not shown that she has a substantial need for the documents to prepare her case and could not obtain their substantial equivalent by other means.

The court further finds that the circumstances of this dispute would make an award of expenses unjust and decline to award costs or fees to the nonmoving party. *See* Fed. R. Civ. P. 37(a)(5)(B).

**IT IS ORDERED** that plaintiff's Motion to Compel (Doc. 45) is denied.

**DATED May 19, 2009.**

                          **BY THE COURT:**

                          s/ F.A. Gossett
                          **United States Magistrate Judge**